**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

United States of America,

Plaintiff,

v.

Karine Souza Da Silva,

Defendant.

Case No. 2:26-cv-403
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

Opinion and Order

The United States brings this action against Defendant Karine Souza Da Silva to enforce civil penalties for Defendant's failure to depart following an Immigration Judge's final order of removal. This matter is before the Court on the United States' motion for default judgment under Fed. R. Civ. P. 55(b).

The Complaint was filed on April 2, 2026. It alleges that Defendant is a noncitizen who resides in this judicial district. On July 30, 2024, an Immigration Judge entered a final order of removal against Defendant. *See* Doc. 1-3. Pursuant to 8 U.S.C. § 1229a(c)(5), the final removal order was served on Defendant and included notice that a willful failure or refusal to depart from the United States would subject Defendant to a civil monetary penalty for each day Defendant was in violation of the order. The Complaint alleges that Defendant has refused to depart from the United States. The Complaint seeks civil penalties under 8 U.S.C. § 1324d in the amount of $554,888.00.

Defendant was personally served with the Summons and Complaint on June 10, 2026. Defendant failed to file an answer or other responsive pleading, and Plaintiff moved for an entry of default under Federal Rule of Civil Procedure 55(a), which the Clerk of Court granted on August 27, 2026. Plaintiff then filed a motion for default judgment, which (along with the Complaint) includes evidentiary materials in support of the motion. Plaintiff served Defendant with the motion for default judgment. Defendant has not responded to the motion.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b), the Court accepts as true Plaintiff's well-pled allegations as to Defendant's liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-

CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, the United States has established that Defendant was the subject of a removal order. Further, particularly in light of the evidence that Defendant was personally served in this judicial district, the Court accepts as true the allegation that Defendant has refused to comply with the removal order.

Under 8 U.S.C. § 1324d, Defendant's refusal to comply with the removal order makes her subject to a civil penalty for each day she is in violation of the order. The civil penalty is $998 per day. *See* 8 C.F.R. § 280.53(b)(14). The United States seeks an award in the amount of $554,888.00. This amount covers the period of time of 556 days from when the removal order was issued until U.S. Immigration and Customs Enforcement prepared a Notice of Violation and Order on February 5, 2026. The Court finds that the United States is entitled to recovery of the civil penalty.

Accordingly, Plaintiff's motion for default judgment (Doc. 8) is GRANTED. Plaintiff is hereby awarded judgment against Defendant in the amount of $554,888.00, plus post-judgment interest under 28 U.S.C. § 1961.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 8, 2026